# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GINA CAVASOS,

        Plaintiff,

v.                                            Case No. 22-1037-JWB

CITY OF GARDEN CITY, KANSAS,

        Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on a motion to dismiss by Defendant City of Garden City, Kansas ("City") pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The motion has been fully briefed and is ripe for decision. (Docs. 6, 10, 11, 13.) For the reasons stated herein, Defendant's motion to dismiss is GRANTED.

### I. Facts and Procedural History

The following allegations are taken from the amended complaint. (Doc. 6.) Around midnight on July 3, 2018, Plaintiff was walking outside her home in Garden City, Kansas. Plaintiff was "accosted" by an officer who asked for information about an accident. (*Id.* at 2.) Plaintiff claims she was improperly seized and held in violation of her constitutional right to be free from unreasonable search and/or seizure. As a result of this conduct, Plaintiff alleged "that her blood pressure became significantly and measurably heightened for a prolonged period. Directly following the incident, her blood pressure was measured at 217/98 [up] from her normal level of approximately 120/90." (*Id.*) Plaintiff initially filed this action against the City in state court. The City then removed this action.

Plaintiff's first claim is brought under 42 U.S.C. § 1983 alleging a violation of Plaintiff's Fourth Amendment rights pursuant to an alleged City policy or inadequate training. The second claim is one for negligent infliction of emotional distress against the City "insofar as its inadequate training and/or supervision of its officer gave rise to the incident in question." (Doc. 6 at 4.)

The City contends it is entitled to dismissal because Plaintiff's amended complaint fails to state a claim. Further, the City argues Plaintiff's state law claim does not comply with the notice requirements of K.S.A. 12-106b and that both claims are time-barred.

**II. Legal Standards**

A. <u>Motion to Dismiss</u>

To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). As the Tenth Circuit observed:

> Determining whether a complaint contains enough well-pleaded facts sufficient to state a claim is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. The court must determine whether the plaintiff has pleaded enough facts to state a claim for relief that is plausible on its face, not just conceivable. Though a complaint need not provide detailed factual allegations, it must give just enough factual detail to provide fair notice of what the claim is and the grounds upon which it rests. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not count as well-pleaded facts. If, in the end, a plaintiff's well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint fails to state a claim.

*Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (citations and internal quotation marks omitted). In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff

is entitled to offer evidence to support his claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

    B. <u>Municipal Liability Under 42 U.S.C. § 1983</u>

Section 1983 provides a remedy against any person who, acting under color of state law, deprives an individual of a right secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Vicarious liability is inapplicable to § 1983 suits; Plaintiff must show some culpability or misconduct on behalf of the City itself. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A local government "may not be sued under § 1983 for an injury inflicted solely by its employees or agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[I]n other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id*. at 691. Rather, the government may only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. at 694. To state a claim for municipal liability in this context, Plaintiff must allege facts showing (1) the existence of an official municipal policy or custom; (2) a direct causal link between the policy or custom and the constitutional injury alleged; and (3) deliberate indifference on the part of the municipality. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013).

    A municipal policy or custom may take one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Waller v. Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)).

After demonstrating a municipal policy or custom, a plaintiff must show "a direct causal link between the policy or custom and the injury alleged." *Id.* (quoting *Bryson*, 627 F.3d at 788). "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." *Id.* (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)). "The causation element is applied with special rigor when the municipal policy or practice is itself not unconstitutional, for example, when the municipal liability claim is based upon inadequate training, supervision, and deficiencies in hiring." *Id.* (quoting *Schneider*, 717 F.3d at 777).

On claims of inadequate hiring, training, or supervision, a plaintiff must also "demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Id.* (quoting *Brown*, 520 U.S. at 407). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action, … as a less stringent standard of fault for a failure-to-train claim would result in de facto respondeat superior liability on municipalities." *Id.* (citations and internal quotation marks omitted). The standard may be satisfied "when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). "In most instances, notice can be established by proving the existence of a pattern of tortious conduct." *Id.* Absent a pattern of unconstitutional behavior, deliberate indifference may be found only "in a narrow range of

circumstances" where "a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction." *Id.* (quoting *Brown*, 520 U.S. at 409) (internal quotation marks omitted).

### III. Analysis

A. <u>42 U.S.C. § 1983 claim</u>

Defendant argues Plaintiff's § 1983 claim failed to sufficiently allege that the City had an unconstitutional policy, custom, or failure to properly train and that such failure caused her injuries. (Doc. 10 at 6.) Plaintiff's allegations regarding the City state as follows:

> "The encounter between law enforcement and the Plaintiff was sufficiently inappropriate that it stands to reason it was not immediately terminated by other officers or supervisory officers either because: (a) it comported with official or unofficial policy or custom of the Garden City Police Department and so it did not appear unusual; (b) it was the product of inadequate training or supervision by the Garden City Police Department and so it went undetected; (c) it was ratified after the fact by the Garden City Police Department; or (d) some combination of the above."

(Doc. 6 at 3.)

Based on these conclusory allegations, Plaintiff has attempted to plead a *Monell* claim by alleging the existence of a policy, inadequate training, ratification of the conduct, or a combination of these. Plaintiff's conclusory allegations fall well short of a plausible claim against the City.

Although Plaintiff attempts to allege that the City has a policy, Plaintiff has not alleged any facts regarding the existence of this alleged policy. Plaintiff fails to point to any formal policy by the City that caused her injuries or any informal policy or custom that she has learned about through another source. Instead, Plaintiff merely makes conclusory assertions regarding a policy. Moreover, Plaintiff does not even allege that this "policy" caused her injuries. This is not sufficient to state a *Monell* claim based on a policy or procedure.

With respect to Plaintiff's claim that the officer's actions were taken due to inadequate training, Plaintiff has again included only conclusory allegations regarding a failure to train or supervise. The amended complaint fails to identify the training or supervision that was provided to officers prior to this incident and fails to identify what the training deficiency was. Moreover, Plaintiff fails to identify any facts suggesting that any other officer or supervisor was even present during the incident. In response to the motion to dismiss, Plaintiff concedes she "does not and cannot know the answer" to questions about insufficient training, supervision, or procedure. (Doc. 11 at 2.) Plaintiff, however, argues the encounter occurred in an "ecosystem" and that "the fact that the encounter was not promptly terminated suggests any of a wide array of faults on the part of the Defendant." (*Id.*). Plaintiff's arguments are unpersuasive and fail to identify any basis to support a claim. *See Welch v. Bd. of Cnty. Comm's of Sedgwick Cnty., Kan.*, No. 19-1057-JWB, 2019 WL 4168824, at *4 (D. Kan. Sept. 3, 2019) (citing *Wray v. City of New York*, 490 F.3d 189, 196 (2d Cir. 2007) (plaintiff "must identify a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury'") (citation omitted); *Schwers v. City of Albuquerque*, 2015 WL 13306196, *4 (D. N.M. Oct. 5, 2015) (allegation that city failed to provide "training on less-than-lethal force" failed to identify a specific deficiency). Plaintiff has also failed to allege facts showing that the City was deliberately indifferent to the consequences of the allegedly inadequate training under the standards set forth herein.

The court finds that Plaintiff has failed to sufficiently allege a *Monell* claim against the City in that Plaintiff's allegations are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *McLinn v. Thomas Cty. Sheriff's Dep't*, 535 F. Supp. 3d 1087, 1099 (D. Kan. 2021) (citing *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018)). Therefore, the court concludes that the amended complaint fails to allege facts plausibly showing

the City is liable under § 1983 for the alleged violation of Plaintiff's Fourth and Fourteenth Amendment rights and the City's motion to dismiss this claim is granted.

B.  Count II: Negligent Infliction of Emotional Distress

Plaintiff's remaining claim is one under state law. Although the court could exercise supplemental jurisdiction over Plaintiff's state law claim, the court declines to do so. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (quoting *Smith v. City of Enid ex rel Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)); 28 U.S.C. § 1367(c)(3). There are no compelling circumstances that justify this court retaining jurisdiction and the state court is in a better position to evaluate whether Plaintiff has sufficiently stated a claim under Kansas law. In addition, this case is in the early stages as a scheduling order has not been entered and no formal discovery has been exchanged. Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claim.

**IV.  Conclusion**

The motion to dismiss (Doc. 10) by Defendant City of Garden City is GRANTED. Plaintiff's federal claim is hereby DISMISSED for the reasons stated above. The court declines to exercise supplemental jurisdiction over the remaining state law claim. The clerk is instructed to remand this action to Finney County District Court.

IT IS SO ORDERED this 1st day of July, 2022.

\_\_\_s/ John Broomes\_\_ _____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE